798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pasquale CISTERNINO, aka Butchie; Ronald Carabbia
(85-3705), Anthony Liberatore (85-3706), John P.
Calandra (85-3707), Defendants-Appellants.
 No. 85-3705, 85-3707.
 United States Court of Appeals,
Sixth Circuit.
 July 17, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On July 18, 1982, the four defendants appellants and two other men were convicted in the United States District Court fo r the Northern District of Ohio on a conspiracy charge under the Racketeer Influenced and Corrupt organizations Act (RICO), 18 u.S.c. S 1962(c) and (d), These convictions were affirmed by this court. United States v. Licavoli, 725 F.2d 1040 (6th Cir.), cert. denied, 104 S.Ct. 3535 (1984).
 
 
 2
 On December 21, 1984, defendant-appellant James Licavoli moved for a new trial based on newly discovered evidence. Thereafter, the four defendants-appellants filed motions adopting Licavoll's arguments. From a denial of their motions for a new trial, defendants herein have appealed.[1]
 
 
 3
 Defendants' motions for a new trial revolve around facts relating to one of the government's witnesses in the RICO conspiracy trial. At issue is whether the defendants are entitled to a new trial due to the government's failure to reveal that a government witness, Lewis J. Aratari, was under investigation for an unrelated offense, viz., arson, at the time he testified at the defendants' trial. The relevant facts are intertwined with the following statement of the proceedings in the RICO conspiracy trial in order that they may be seen in the appropriate context.
 
 I.
 
 4
 Lewis J. Aratari, who was to testify in defendants' trial, was placed in the Federal Witness Protection Program and relocated to Omaha, Nebraska. On approximately August 20, 1981, a residence owned by Ronald Kloster in Omaha was destroyed by fire. On April 21, 1982, local police authorities, having determined that the fire had been set by arson, received an anonymous tip informing them that Aratari was the arsonist.
 
 
 5
 On April 26, 1982, the jury in defendants' RICO trial was chosen and sworn. On either May 1 or May 2, 1982, local investigators interviewed Aratari. Although Aratari denied any involvement in the crime, he stated that he knew who had set the fire. Aratari further stated that the arsonist was a federally protected witness. Suspecting that Aratari and the federally protected witness were one and the same, the investigators contacted the Omaha office of the FBI where they spoke with Special Agent Murphy. Murphy, who was unaware of Aratari's protected witness status, began making inquiries.
 
 
 6
 On May 3, 1982, a representative of the United States Marshal's Service met with Aratari and advised him that he would be needed in defendants' RICO trial in Ohio on May 5, 1982. During this conversation, Aratari informed the representative of the Marshal's Service that he had been contacted by Omaha officials regarding the fire. Aratari then asked what the Witness Protection Program would do for him. He was informed that the Marshal's Service would not get involved.
 
 
 7
 Aratari later contacted FBI Special Agent Riggio in Washington, D.C., and complained about the Marshal's Service and the local police investigation. Special Agent Riggio, in turn, contacted Special Agent Murphy in Omaha.
 
 
 8
 On May 5, 1982, Aratari left Omaha to travel to Ohio. On the same day, Agent Murphy met with the local arson investigators. During that meeting, it was decided that further prosecutorial efforts would be handled on the federal level. Consistent with local law enforcement efforts to apprehend the person commissioning the arson, rather than the person who actually set the fire, the federal investigation file waS set up under the name of the owner of the property.
 
 
 9
 Aratari completed several days of testimony on May 25, 1982, and returned to Omaha on May 28, 1982. After Aratari's return, Agent Murphy and one of the local investigators interviewed him. Aratari was initially unwilling to give them any information. However, after Agent Murphy offered him limited immunity, Aratari admitted to having set the fire pursuant to an agreement with the owner of the property--Kloster.
 
 
 10
 The government rested its case in the RICO trial on June 16, 1982. Sometime between June 16 and June 21, 1982, the information regarding Aratari's involvement in the arson and the fact that Aratari had received limited immunity reached the prosecutor in defendants-appellants' case. The prosecutor did not relay the information to the trial judge or to defendants' attorneys. The jury returned a guilty verdict on July 0, 1982.
 
 
 11
 On appeal defendants argue that the government's failure to reveal Aratari's involvement in the arson and the grant of limited immunity violated their right to due process under the Fifth Amendment and their right to confrontation under the Sixth Amendment.
 
 II.
 
 12
 Upon consideration of the briefs and record herein and after oral argument, we AFFIRM the judgment of the district court in denying the motion for a new trial of defendant James T. Licavoli, joined in by co-defendants Pasquale Cisternino, Ronald Carabbia, Anthony Liberatore and John P. Calandra, for the reasons stated by Senior judge William K. Thomas in his Memorandum and Order filed August 15, 1985,
 
 
 
 [1]
 Notice of James T. Licavoli's death having been filed by his counsel, Licavoli's appeal was dismissed by order of the court on January 28, 1986, pursuant to Fed.R.App.P. 43(a)